IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORYLYNN APONTE-ORTIZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO, et al., <br><br> Defendants. | CIVIL NO.: 14-1218 (MEL) |

**OPINION AND ORDER**

Plaintiff Glorylynn Aponte-Ortiz ("Mrs. Aponte"), personally and on behalf of her minor daughter, P.S.A. (collectively "plaintiffs"), brought this action against defendants, the Commonwealth of Puerto Rico and the Department of Education of Puerto Rico ("DOE"), in which they seek costs and fees pursuant to the attorney's fees provision of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B).

Before the court are: (1) plaintiffs' complaint seeking $7,298.45 in attorney's fees and costs (ECF No. 1); (2) defendants' memorandum of law regarding payment of attorney's fees and costs seeking a reduction of $2,048.40 of the amount requested in plaintiffs' complaint (ECF No. 9); (3) plaintiffs' reply to defendant's memorandum regarding payment of attorney's fees and costs (ECF No. 16); (4) plaintiffs' supplemental motion for attorney's fees and costs, in which they seek $881.40 incurred in litigating the instant case (ECF No. 14); (5) plaintiffs' second supplemental motion for attorney's fees and costs, in which they seek $925.20 incurred in litigating the present case (ECF No. 30); and (6) defendant's response in opposition to supplemental motion for attorney's fees and costs, in which they seek a "time unit" reduction of specified invoice entries

regarding the supplemental attorney's fees from the present litigation (ECF No. 32).[1] For the reasons that follow plaintiffs' requests for attorney's fees are granted in part and denied in part.

## I. FACTUAL BACKGROUND

Mrs. Aponte is the mother and legal guardian of P.S.A., who is a minor. ECF No. 1, ¶ 6. P.S.A is a nine-year old child diagnosed with multiple conditions, including attention deficit hyperactivity disorder, anxiety, hypoglycemia, chronic asthma, high cholesterol, and speech and language impairment. ECF No. 1 ¶ 8. These impairments require individualized attention and several accommodations in order to be able to receive a free public education. Id. P.S.A is registered with the DOE as a child with disabilities in the Trujillo Alto District, San Juan Region. ECF No. 1, ¶ 10. She resides with her parents in the Municipality of Canóvanas, Puerto Rico and is currently enrolled, at public cost, at the Instituto Modelo de Enseñanza Individualizada in the Municipality of San Juan. ECF No. 1, ¶ 11. She is qualified to participate in the academic and related services program provided by the DOE. ECF No. 1, ¶ 12.

On April 16, 2013, plaintiffs filed administrative complaint number 2013-070-016 with the DOE, requesting that the cost of P.S.A.'s placement in a private educational institution be covered. ECF No. 1, ¶ 18. Following two administrative hearings, the administrative official issued a resolution on August 30, 2013, approving settlement terms reached by the party and ordering the DOE to provide the remedies sought. ECF No. 1, ¶ 23.

On March 14, 2014, plaintiffs filed a complaint requesting that defendants be ordered to provide the attorney's fees and costs to which plaintiffs are entitled as prevailing parties in the administrative case, as well as the attorney's fees and costs incurred in the prosecution of the present litigation. ECF No. 1, ¶¶ 1-3. Plaintiffs base their claim pursuant to the attorney's fees

---

[1] Defendants do not define "time unit" in their response to plaintiffs' request for attorney's fees. See ECF Nos. 9, 32. It appears, however, that plaintiffs' counsel bills in increments of one-tenth of an hour.

provisions in the IDEA, 20 U.S.C. § 1415(i)(3)(B). This statute allows the court, in its discretion, to award reasonable attorney's fees as part of the costs in any action or proceeding brought under IDEA to, among others, "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(I). Id.

On May 6, 2014, defendants filed a memorandum of law regarding attorney's fees and costs, in which they acknowledge that the plaintiffs are entitled to attorney's fees and costs under 20 U.S.C. § 1415(i)(3)(B) as the prevailing party, but raise the following objections over certain items in the invoice: (1) that a number of entries regarding reviewing and drafting documents are duplicative and/or excessive, especially in light of plaintiffs' counsel's experience in IDEA litigation and difficulty of the legal issues; (2) that a number of entries regarding telephone conferences and/or e-mail communications between plaintiffs and their counsel are vague, unnecessary, and redundant; and (3) that a number clerical entries were inappropriately billed at an hourly rate and should be deleted entirely. ECF No. 9. Plaintiffs filed a reply to defendants' memorandum, addressing each of defendants' contentions. ECF No. 16. On June 5, 2014 and January 21, 2015, plaintiffs filed supplemental motions for attorney's fees and costs seeking $881.40 and $925.20 in additional attorney's fees and costs stemming from the present litigation. ECF Nos. 14; 30. Defendants responded to plaintiffs' supplemental motions requesting a "time unit" reduction for particular invoice entries. ECF Nos. 9, 32.

II. **LEGAL ANALYSIS**

The IDEA allows a prevailing party to recover costs incurred in bringing a claim pursuant to the IDEA, and provides that the court "in its discretion may award reasonable attorney's fees as part of the costs—to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). Plaintiffs contend that they are the prevailing party in the administrative case

because they have been granted the relief sought in their claim, and thus are entitled to seek attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). A plaintiff qualifies as a prevailing party when he obtains "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566, 569, 121 L. Ed. 2d 494 (1992). Defendants do not contest that plaintiffs are the prevailing parties in the administrative case, nor do they object to plaintiffs being awarded fees under 20 U.S.C. § 1415(i)(3)(B). Given that plaintiffs are indeed the prevailing party for IDEA purposes and there is no dispute regarding plaintiffs' entitlement to attorney's fees, the only remaining issue in this case is whether the amount that plaintiffs seek in attorney's fees is reasonable.[2]

In order to determine the amount that plaintiffs are reasonably entitled to, the number of hours expended by counsel should be multiplied by a reasonable hourly rate. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). Further, "the reasonableness of hourly charges depends on prevailing rates in the community for comparably qualified attorneys." United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 893 (1984)). Defendants do not object to plaintiffs' counsel's hourly rates. Moreover, attorney Francisco J. Vizcarrondo-Torres's billing rate has been previously approved in numerous IDEA cases in the District of Puerto Rico, and is supported by his level of experience in this field of law.[3] See, e.g., Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338, 344 (D.P.R. 2011); Warren González v. Commonwealth of P.R., Civ. No. 12-1097 (FAB), ECF No. 31; Reyes Ortiz v. Commonwealth of P.R., Civ. No. 12-1080 (FAB), ECF No. 29; Santos Díaz v. Commonwealth of P.R., Civ. No.

---

[2] Plaintiff requested a total of $561.95 in costs (ECF No. 13), and the Clerk of the Court awarded costs to plaintiffs in the amount of $465.85 (ECF No. 17).

[3] Plaintiffs cite a series of special education cases, administrative cases, state cases, and federal cases in which attorney Francisco J. Vizcarrondo-Torres has participated as counsel. ECF No. 1, ¶¶ 40-41.

4

11-1957 (JAF), ECF No. 18; Mercado Nieves v. Commonwealth of P.R., Civ No. 10-1737 (JP), ECF No. 45. For these reasons, counsel Vizcarrondo-Torres's billing rate of $135.00 per hour is reasonable.

IDEA provides a fee-shifting standard that allows for reviewing of legal bills, see Doe v. Boston Public Schools, 358 F. 3d 20, 22 (1st Cir. 2004), and provides ample discretion in evaluating the reasonableness of an attorney's fee award. Bridgeforth v. District of Columbia, 933 F. Supp. 7, 10 (D.D.C. 1996) (citing González v. Puerto Rico Dep't of Educ., 1 F. Supp. 2d 111, 114 (D.P.R. 1998)). In reaching a determination as to the reasonableness of attorney's fees, the court must "determine the number of hours actually spent, and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Rodríguez, 764 F. Supp. 2d at 343 (citing Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)). In order to do so, the prevailing party has the burden to place the court in a position to determine the reasonableness of a request for attorney's fees. González, 1 F.Supp.2d at 114.

### A. ADMINISTRATIVE HEARING

Plaintiffs seek a total of $6,736.50 for counsel Vizcarrondo-Torres's professional services at the administrative level. See ECF No. 1-2. Defendants contend that several items billed for constitute duplicative, unproductive, excessive or, otherwise unnecessary time, and that certain charges are clerical in nature and should be eliminated entirely. ECF Nos. 9, at 3. No reductions will be made as to the telephone conferences with Mrs. Aponte, reviewing of e-mail and fax communication from Mrs. Aponte, legal research performed, and planning and preparation for the administrative hearing, because the amounts charged for these categories appear to be reasonable. Defendants' remaining contentions will be addressed by category.

### a. Client Meetings

Defendants claim that the $1,404.00 billed for 10.4 hours of client meetings is excessive and warrants a reduction of $297.00 dollars, arguing generally that the charges are excessive and warrant a 40% "time unit subtraction." ECF No. 9, at 3-4. Counsel for plaintiffs explained that two evidentiary hearings were held in this case at the administrative level, and that Ms. Aponte testified at the administrative hearings. See ECF No. 16, at 1. Thus, his need to meet with her to prepare for such hearings is understandable, and sheds light on why 10.4 hours of client meetings was appropriate in this case. Plaintiffs' counsel has given adequate descriptions of each charge relating to meetings with his clients, and all requested fees relating to client meetings shall be granted.

### b. Drafting and Editing Documents

Defendants claim that the $1,917.00 billed for 14.2 hours of drafting and editing documents in preparation for the administrative hearing is excessive and warrants a reduction of $216.00 dollars. ECF No. 9 at 3-5. They contend that the specified charges warrant a 40% "time unit subtraction," but do not offer any specific argumentation as to why each particular charge is excessive or duplicative. Plaintiffs' counsel has adequately described the majority of the charges and all shall be granted, with the exception of four charges relating to drafting motions to notify documentary evidence dated July 1, 2013, July 17, 2013, August 9, 2013, and August 16, 2013, totaling 3 hours. These charges are repetitive and vague, and in plaintiffs' response to the defendants' request for a reduction they have not explained why it was necessary to spend 3 hours comprising such motions. Given plaintiffs' counsel non-specific descriptions of the charges, he has not placed the court in a position to find that it was reasonable for him to spend 3 hours on a task as straightforward as composing a motion to notify the court or the government of

documentary evidence. Accordingly, there will be a 1-hour reduction, in the amount of $135.00 dollars.

### c. Reviewing Documents

Defendants claim that the $810.00 billed for 13.9 hours of reviewing documents in preparation for the administrative hearings is excessive and warrants a total reduction of $205.20 dollars. ECF No. 9, at 3-5. As previously noted, plaintiffs have explained that two administrative hearings were held. Thus, the charges amount to approximately 1 total working day devoted to document review in preparation for each hearing, which is not unreasonable on its face. However, while plaintiffs' counsel explained that it was necessary to meet with his client in order to prepare regarding Ms. Aponte's testimony, he has not argued that the documents he needed to review were particularly voluminous or complicated in nature. Thus, it is not clear why it was necessary to review documents for 2 full working days. Bearing in mind that it is the prevailing party's responsibility to elucidate to the court why the charges are reasonable, defendants' requested reduction totaling $205.20 related to plaintiffs' counsel's time spent preparing for administrative hearings is granted.

### d. Drafting E-mail Communications

Defendants also claim that $310.50 billed for 2.3 total hours of drafting e-mail communications detailing enclosure of documents and digitalized copies of documents are clerical tasks and should be completely eliminated. ECF No. 9 at 6. The relevant requests for attorney's fees include 4 charges dated July 17, 2013, 2 charges dated August 6, 2013, 1 charge dated August 8, 2013, 2 charges dated August 9, 2013, 2 charges dated August 16, 2013, and 1 charge dated September 4, 2013. "Clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them," Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992), and entries regarding

drafting e-mail communications with the purpose of e-mailing digital copies of documents have previously been considered clerical by this court. See Hernández-Meléndez v. Puerto Rico, No. 3:14-CV-01493 (JAF), 2014 WL 4260811, at *1 (D.P.R. Aug. 29, 2014). All of the charges in question are for drafting e-mails enclosing various documents, and plaintiffs have not argued or provided evidence that the e-mails in fact contained legal advice or otherwise warranted being billed at a lawyer's rate. Although these tasks are clerical in nature, they do not merit a complete removal. Instead, each task will be charged at a rate of one third of plaintiffs' counsel's hourly rate, or $45.00. Accordingly, there will be a reduction of $207.00, leaving a remaining cost of $103.50 for the totality of the clerical tasks.

### B. PRESENT LITIGATION

Plaintiffs seek an additional $1,795.50 in attorney's fees related to the litigation of the instant case, detailed in their supplemental and second supplemental motion for attorney's fees and costs. ECF Nos. 14; 30. Courts routinely award attorney's fees to prevailing parties for continuing fees and costs in obtaining attorney's fees. Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161-162 (1990); see also Rodríguez, 764 F. Supp. 2d at 347-348. Defendants object to six particular entries as excessive, but fail to specify a requested reduction, asking only that there be a modification of these charges. ECF 32 at 2. Accordingly, the court has exercised discretion in reviewing the fees regarding the present litigation in their entirety, taking into consideration the specific charges that have been contested by defendants.

Defendants point out that the documents contained in ECF Nos. 19 and 20 are "essentially the same," that the documents contained in ECF Nos. 20-1 and 28 are "essentially the same," and that the documents contained in ECF No. 14 and 30 are "essentially the same." ECF No. 32. Therefore, defendants argue that the additional time plaintiffs' counsel billed for drafting the

subsequent motions is duplicative. A review of the documents in question reveals that defendants are correct—plaintiffs' filings in this case have been repetitive in nature and do not warrant the amount of time plaintiffs' counsel has billed for drafting nearly-identical documents. Thus, the charges for drafting and editing such repetitious documents (ECF Nos. 20, 28, and 30) will not be paid to plaintiffs' counsel, amounting to a deduction of 1.3 hours, or $175.50 for drafting filings in the instant case.[4]

### III. CONCLUSION

For the reasons stated above, it is hereby ordered: 1) the attorney's fees and costs sought by plaintiffs for the administrative proceeding be awarded, minus a $547.20 deduction of plaintiffs' proposed fees for a total of $6,189.30; and 2) the attorney's fees and costs sought in the supplemental motions be awarded, minus a $175.50 reduction for a total of $1,620.00. Therefore, plaintiffs' counsel is awarded a total of $7,809.30 in attorney's fees, rather than the $8,532.00 that he seeks for professional services rendered.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2015.

s/Marcos E. López
U.S. Magistrate Judge

---

[4] Defendants also object to a charge of 0.50 for planning and preparing for a status conference held in this case, raising the argument that it "is excessive considering that there were no issues in dispute." ECF No. 32, at 2. No reduction will be made for such charge, as 30 minutes is reasonable amount of time to spend preparing for a status conference in court. Furthermore, defendants' blanket statement that there are no contested issues in this case is inaccurate, as the amount of attorney's fees to which plaintiffs' counsel is entitled is a disputed issue, as reflected in the status conference minutes (see ECF No. 31).

[5] The pertinent invoices are contained in ECF Nos. 1-2, 14-1, and 30-1.